FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLAS CHRISTOPHER BOYD, a.k.a. Nicholas Michael Brinkley,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS OFFICER IRWIN, CORRECTIONS OFFICER LESLIE, and CORRECTIONS OFFICER VILLAREAL,<br><br>Defendants. | NO. 2:19-CV-00395-SAB<br><br>**ORDER DENYING MOTIONS** |

Before the Court are a number of pending motions filed by Plaintiff. Plaintiff is representing himself in this matter. The motions were heard without oral argument.

(1) **Motion to Appoint Counsel, ECF No. 34**

Plaintiff asks for help from an attorney or standby counsel. Generally, a person does not have a Sixth Amendment right to counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal

**ORDER DENYING MOTIONS ~ 1**

issues involved." *Id.* Neither of these considerations is dispositive and instead must be viewed together. *Id.*

Here, the Court does not find that exceptional circumstances exist that support appointment of counsel. At this point in the case, the parties are exchanging discovery and Plaintiff was able to adequately present his claims to survive preliminary review. Plaintiff's Motion is denied.

(2) **Motions for Discovery, ECF No. 35, 38**

Plaintiff asks for all video, data, sanctions, grievances, mental health records since March 3, 2016. Discovery is governed by Fed. R. Civ. P. 26. The parties have not yet exchanged discovery requests. Plaintiff's motion is premature.

(3) **Safeties Securities Risk Motion, ECF No. 36**

Plaintiff asks that the three officers who are Defendants in this action be placed on suspension or in the alternative that he be moved from Grant County jail. Plaintiff has not shown good cause for obtaining his requested relief, nor is the Court convinced it has jurisdiction to order Plaintiff's requested relief. Plaintiff's motion is denied.

(4) **Motion for Reconsideration, ECF No. 40**

Plaintiff ask the Court to reconsider its decision to dismiss the case. The Court has already granted Plaintiff's requested relief. Plaintiff's motion is denied, as moot.

(5) **Motion for Protective Order, ECF No. 44**

Plaintiff appears to be asking for the same request as in ECF No. 36. For the same reasons, the Court denies the motion.

(6) **Motion for Privacy Protection Made With the Court, ECF No. 45**

It is unclear the exact purpose of Plaintiff's Motion, or what relief Plaintiff is seeking. Plaintiff's motion is denied.

//

//

**ORDER DENYING MOTIONS ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Appoint Counsel, ECF No. 34, is **DENIED**.

2. Plaintiff's Motions for Discovery, ECF No. 35, 38, is **DENIED**.

3. Plaintiff's Safeties Securities Risk Motion, ECF No. 36, is **DENIED**.

4. Plaintiff's Motion for Reconsideration, ECF No. 40, is **DENIED**, as moot.

5. Plaintiff's Motion for Protective Order, ECF No. 44, is **DENIED**.

6. Plaintiff's Motion for Privacy Protection Made With the Court, ECF No. 45, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and Plaintiff.

**DATED** this 27th day of August 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS ~ 3**