FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS CHRISTOPHER BOYD, a.k.a. Nicholas Michael Brinkley,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONS OFFICER IRWIN; CORRECTIONS OFFICER OVERMAN; CORRECTIONS OFFICER VILLAREAL; CORRECTIONS OFFICER TKACHEV; CORRECTIONS OFFICER MILLARD; CORRECTIONS OFFICER GRUBB; CORRECTIONS OFFICER DURAN; and GRANT COUNTY JAIL SUPERVISORS,<br><br>    Defendants. | No. 2:19-CV-00395-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Defendants' Motion for Summary Judgment, ECF No. 218, Motion to Strike Certain Portions of Plaintiff's Response and Exhibits in Oppositions to Defendants' Motion for Summary Judgment, ECF No. 233, and Motion to Strike ECF 243 and 244, ECF No. 246; and Plaintiff's Motion for Judgment in Opposition to Summary Judgment, ECF No. 243, and Motion in Response to Motion in Opposition to Summary Judgment, ECF No. 244. The

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 1

motions were considered without oral argument.

Plaintiff is representing himself in this matter. Defendants are represented by Michael E. McFarland, Jr. and Sean Harkins.

Plaintiff is a state prisoner currently housed at Monroe Correctional Complex – Sky River Treatment Center. He is suing Grant County Jail officials for an incident that occurred on February 25, 2019.[1] He asserts his constitutional rights were violated when officials used excessive force, destroyed evidence and were deliberately indifferent to his needs.[2]

Defendants now move for summary judgment, asserting (1) Plaintiff has failed to set forth a prima facie case regarding any of the various constitutional claims against Defendants; (2) certain claims are barred pursuant to the Eleventh Amendment; and (3) Defendants are entitled to qualified immunity.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a

---

[1] Plaintiff initially filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in the Western District of Washington. After dismissing the State of Washington, the Complaint was transferred to the Eastern District of Washington.

[2] In reviewing his Complaint under 29 U.S.C. § 1915A(a), the Court dismissed Defendants Grant County, Grant County Superior Court, and the State of Washington. ECF No. 12. It also dismissed Plaintiff's claims based on the Health Insurance Portability and Accountability Act of 1996 (HIPAA), finding there is no private right of action under this statute. *Id.*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 2

genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. L. Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Underlying Facts

The following facts are viewed in the light most favorable to Plaintiff, the non-moving party.

On February 25, 2019, while he was in the Grant County Jail[3], another inmate poured a bucket of water containing human waste and bodily fluids under Plaintiff's locked cell door.[4] This took place around 5:15 p.m. He hit the

---

[3] On this date, Plaintiff was being held at Grant County Jail on new charges of possession of controlled substance. He was also being held for violations of community custody. Plaintiff was released to Advance Behavioral Health Systems (ABHS) for treatment on March 4, 2019.

[4] Officers were able to lock down the other inmate without incident.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 3

emergency button and asked that the contaminated water be cleaned up. His cell door was opened, and he was permitted to get a mop, but he was denied cleaning supplies. Just as he began to mop the floor, he was told to "back down."[5]

Plaintiff protested about being locked down in an "unsanitary" room and complained about violations of HIPPA and hazard concerns. He was accused of "refusing lock down," and although Plaintiff stated his civil rights were being violated, Defendant Officer Irwin grabbed his arm and placed it behind his back.

Plaintiff maintains he was compliant. The officers told him to kneel in the contaminated water with no shirt. He continued to complain and refused to comply until the cell was cleaned. Officers latched both of his hands behind his back, and he was tased twice. He fell to his knees, then fell face first into the contaminated water. He was soaked in it before being removed to another cell.

While being removed from his cell, Plaintiff complained of shoulder pain, but he was not medically assessed. Plaintiff was returned to his cell around 6:31 p.m.

Plaintiff submitted two grievances on the same day, regarding the incident. The grievances were addressed by Officers Richard Reno and included supplemental reports by Lance Urwin, Esteban Villarreal and Chase Millard. ECF No. 108.[6]

---

[5] Defendants maintain that Plaintiff was visiting with other inmates in the dorm rather than focusing on cleaning up the water.

[6] In responding to the first grievance, Officer Reno stated:
> You were allowed out of your cell to clean it; you were told to be quick and not waste time. After about 10minutes you had done more visiting with the dorm than cleaning so you were told to lack back down. You refused, which led to officers having to come in to relocate you to "F" dorm. You resisted, which led to officers having to wrestled and stun (tase) you.

In responding to the second grievance, Officer Reno stated:

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 4

## Legal Framework

Plaintiff is bringing claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights under the First, Eighth and Fourteenth Amendment. Specifically, he is alleging claims for deliberate indifference, failing to intervene, unlawfully destroying evidence, excessive force, deprivation of speech, cruel and unusual punishment, and conspiracy.

### A.     42 U.S.C. § 1983

42 U.S.C. 1983 provides for causes of action against a person, who, acting under color of state law, deprives another of rights guaranteed under the Constitution; it does not create any substantive rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

To succeed in bringing a claim under § 1983, then, the plaintiff must show: (1) that their constitutional rights were violated, and (2) the defendants' actions were taken under color of state law. *Grichen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

### B.     Eight Amendment / Fourteenth Amendment

The record is not clear whether at the time of the incident Defendant was a pretrial detainee or a prisoner. Protection under the Eighth Amendment applies once a prisoner has been convicted of a crime, while protection under the Due Process Clause of the Fourteenth Amendment applies to pretrial detainees. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1263 n.5 (9th Cir. 2016). Pretrial detainees possess greater constitutional rights than prisoners. *Stone v. City of San Francisco*, 968 F.2d 850, 857 n.10 (9th Cir. 1992).

//
//

---

The officers were unaware of any deficiencies in the room when you were placed there again. If you would have complied with the officers, none of this would have happened.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT # 5**

1. **Excessive Force**

The Eighth Amendment prohibits cruel and unusual punishment in the prison setting. This includes the use of excessive force, even though the inmate does not suffer serious injury. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). To prove an excessive force claim under the Eighth Amendment, Plaintiff must show that (1) Defendants used excessive and unnecessary force; (2) Defendants acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and (3) Defendants' act caused harm to Plaintiff. *Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir. 2020) (quoting the Ninth Circuit's model instructions for Eighth Amendment excessive force claims). Five factors are considered in determining whether excessive force was used in a typical Eighth Amendment claim: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Id*.

A pretrial detainee who alleges jail officials perpetuated violence against them can state a claim for excessive force in violation of their due process rights by showing that the force purposely or knowingly used against him was objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015). The objective reasonableness inquiry depends on the "facts and circumstances of each particular case" and is "made from the perspective of a reasonable officer on the scene, including what the officer knew at the time." *Id*. at 397. Courts undertaking this analysis must account for the government's "legitimate interests" in managing the facility in which the pretrial detainee is housed and "appropriately defer[]" to the policies and practices that jail officials deem necessary to preserve order, discipline, and security. *Id*. When making a reasonableness of force determination, courts consider a variety of factors including:

the relationship between the need for the use of force and the amount

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 6

of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (citation omitted).

### 2. Deliberate Indifference

Under either the Eighth or Fourteenth Amendment, deliberate indifference on the part of Defendants can result in a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994) (Eight Amendment); *Kingsley*, 576 U.S. at 391 (Fourteenth Amendment). As the Ninth Circuit has explained, "[d]eliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result." *Gantt v. City of Los Angeles*, 717 F.3d 702, 708 (9th Cir. 2013).

To succeed on an Eighth Amendment claim, Plaintiff must prove both objective and subjective deliberate indifference. *Farmer*, 511 U.S. at 842. A Fourteenth Amendment claim, however, requires only that Plaintiff prove objective deliberate indifference. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) ("[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard") (internal quotations omitted).

### C. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Eleventh Amendment immunity extends to corrections officers when they are named in a lawsuit in their official capacity. *See Braunstein v. Arizona Dep't of Transp.*, 683

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 7

F.3d 1177, 1188 (9th Cir. 2012).

### D. First Amendment

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in court. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Prisoners have a First Amendment right to be free from retaliation for filing grievances against prison officials. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

To prevail on a First Amendment retaliation claim, an inmate must show: (1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68.

Pretrial detainees retain limited First Amendment rights to the extent the exercise of those rights does not disrupt institutional security, order, and discipline. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008). A restriction on a pretrial detainee's First Amendment rights may not be intended to serve as punishment. *Id.*

### E. Qualified Immunity

A Government official is entitled to qualified immunity from a claim for damages unless the plaintiff raises a genuine issue of fact showing (1) "a violation of a constitutional right," and (2) that the right was "clearly established at the time of [the] defendant's alleged misconduct." *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (quotation omitted). The Court may analyze these elements in any order. *Id.*

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). It is not

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 8

necessary that a case is directly on point, instead existing precedent must have placed the statutory and constitutional question beyond debate. *Id.*

The Supreme Court has repeatedly instructed that courts must not define clearly established law at a high level of generality. *Ballentine*, 28 F.4th at 64 (quotation omitted). "The right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official." *Reichle v. Howards*, 566 U.S. 658, 665 (2012) (quotations omitted).

### Analysis

Defendants are entitled to summary judgment on all of Plaintiff's claims:

1. Defendants are entitled to Eleventh Amendment immunity for Plaintiff's claims for damages against them in their official capacity.

2. Defendants are entitled to qualified immunity on the claims of deliberate indifference under either the Eighth or Fourteenth Amendment as well as the First Amendment claim.[7] It was not clearly established in 2019 that not maintaining security camera footage in the absence of a timely submitted request by an inmate was a constitutional violation. Moreover, it was not clearly established that requiring an inmate or detainee to return to a cell where contaminated mop water had been spilled would exhibit deliberate indifference resulting in a constitutional violation. Finally, it was not clearly established that failing to act on his complaints of shoulder pain would exhibit deliberate indifference resulting in a constitutional violation.

3. Even when viewing the facts in the light most favorable to Plaintiff, no reasonable jury would find that Defendants violated Plaintiff's constitutional

---

[7] It is not necessary to determine whether Plaintiff was a pretrial detainee or a prisoner because his claims fail under both the Eighth and the Fourteenth Amendment.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT # 9**

rights. No reasonable jury would find Defendants used excessive force when removing Plaintiff from his cell and temporarily placing him in a different cell. Because of this, Plaintiff's claim for failing to intervene falls short as well.[8] Similarly, no reasonable jury would find that Plaintiff's First Amendment rights were violated or that Defendants were deliberately indifferent toward Plaintiff during and after the incident in question.

4. Section 1983 does not provide for vicarious liability so the claims asserted against Officer Durand and Grant County jail supervisors are dismissed.[9] *See Jones*, 297 F.3d at 934 ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.").

5. There is no liability under § 1983 for violating prison policy. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (alleged failure to follow prison policy does not establish federal constitutional violation).

### Conclusion

Plaintiff has not shown that his constitutional rights were violated under the Eighth or Fourteenth Amendment. Moreover, Defendants are entitled to Eleventh Amendment immunity and qualified immunity. As such, summary judgment in favor of Defendants is appropriate.

//

//

---

[8] A prison official may be liable for failure to intervene if they have a reasonable opportunity to intervene while another official uses excessive force on someone in custody and fails to do so. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

[9] Plaintiff has not alleged that Officer Durand or Grant County jail supervisors were personally involved in removing Plaintiff from the jail cell.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 10

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 218, is **GRANTED**.

2. Defendants' Motion to Strike Certain Portions of Plaintiff's Response and Exhibits in Oppositions to Defendants' Motion for Summary Judgment, ECF No. 233, is **DENIED**, as moot.

3. Plaintiff's Motion for Judgment in Opposition to Summary Judgment, ECF No. 243, is **DENIED**.

4. Plaintiff's Motion for Judgment in Response to Motion in Opposition to Summary Judgment, ECF No. 244, is **DENIED**.

5. Defendants' Motion to Strike ECF 243 and 244, ECF No. 246, is **DENIED**, as moot.

6. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to Plaintiff and counsel, and **close the file**.

**DATED** the 16th day of October 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** # 11